```
               IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CR3093 |
| | ) | |
| v. | ) | |
| | ) | |
| ROSEMARY HERNANDEZ, | ) | REPORT, RECOMMENDATION |
| | ) | AND ORDER |
| Defendant. | ) | |
| | ) | |

    Pending before me is the defendant's motion to dismiss, filing 12. The defendant argues that the indictment against her fails to name any known member or members of the charged conspiracy. She further claims that the Rule 16 discovery materials provided by the government suggest four distinct and separate conspiracies, involving several unidentified "known and unknown" people, and not a single overall conspiracy. She therefore claims the indictment is unconstitutionally vague in violation of the Fifth Amendment and must be dismissed. Filing 16 (defendant's brief) at p. 2.

    The defendant also claims the indictment is duplicitous in that it joins together, as one single alleged conspiracy, four separate conspiracies. The defendant argues that even if the indictment is not dismissed, the government should be required to elect which conspiracy it intends to prove.[1]

---

[1] While the defendant's motion requests dismissal on the basis of duplicity, her brief does not. Rather, as a remedy for the alleged duplicity, defendant's brief requests an order requiring the government to elect which conspiracy it intends to prove. Election is a remedy for duplicity; dismissal is not. The duplicity rules are criminal pleading rules, and violating these rules is not fatal to an indictment. United States v. Ramirez-Martinez, 273 F.3d 903, 915 (9th Cir. 2001)(citing United States v. Robinson, 651 F.2d 1188, 1194 (6th 1981)). See also 1A Wright, Miller & Marcus, Federal Practice and Procedure Crim 3d §

Finally, the defendant argues that in the event the court does not dismiss the indictment, it should nonetheless order the government to file a bill of particulars which identifies all known members of the conspiracy charged, the approximate date when the defendant entered the conspiracy, any acts committed by the defendant in furtherance of the conspiracy, and any known witnesses or participants in such acts.

For the reasons set forth hereafter, I shall recommend that the defendant's motion to dismiss be denied.  I shall deny the defendant's motion for an election, but grant the defendant's request for a bill of particulars.

## ANALYSIS

The indictment against the defendant charges as follows:

### COUNT I

> From on or between January 1, 2002, and August 15, 2005, in the District of Nebraska, ROSEMARY HERNANDEZ, a/k/a "ROSALINDA", defendant herein, did knowingly and intentionally combine, conspire, confederate and agree with other persons, some known and some unknown to the Grand Jury, to distribute and possess with the intent to distribute five hundred grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and Section 841(b)(1).

---

145.  Even if an indictment is duplicitous, the defendant's recourse is to move for order requiring the government to elect on which charge or charges it will proceed.  Id.; United States v. Untiedt, 493 F.2d 1056, 1059 n. 3 (8th Cir. 1974).

An indictment is sufficient if it includes the elements of the offense, provides adequate notice as to the charge, and enables the defendant to plead double jeopardy as a bar to further prosecution.  Hamling v. United States, 418 U.S. 87 (1974); United States v. Hernandez, 299 F.3d 984, 992 (8th Cir. 2002); United States v. Diaz-Diaz, 135 F.3d 572, 575-76 (8th Cir. 1998).  "An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted."  Hernandez, 299 F.3d at 992.

The indictment charges the defendant with knowingly and intentionally conspiring with others to distribute and possess with intent to distribute 500 or more grams of methamphetamine.  These allegations set forth the elements of a drug conspiracy charge.

> There are three essential elements to this drug conspiracy charge under 21 U.S.C. § 846: that two or more people agreed to . . . sell methamphetamine, that the defendants joined the agreement, and that they knew the purpose of the agreement at the time they joined. Proof of an overt act is not required.

United States v. Standefer, 948 F.2d 426, 430 n.3 (8th Cir. 1991)(citing United States v. Figueroa, 900 F.2d 1211, 1219- 1220 (8th Cir. 1990)(quoting Eighth Circuit Model Jury Instructions)).  See also United States v. White, 241 F.3d 1015, 1022 (8th Cir. 2001).

The defendant argues that the government's Rule 16 disclosures indicate the existence of four unrelated drug conspiracies involving the defendant.  She claims that even after reviewing the government's disclosures, she cannot discern what

3

evidence the grand jury saw or relied on in deciding to indict her, or what alleged conspiracy the government intends to prove at trial.  Filing 16 (defendant's brief) at 6-7.  The defendant argues that since the indictment fails to name at least one, if not all, members of the alleged conspiracy, it fails to reveal which specific alleged conspiracy underlies the grand jury's indictment and what specific facts the grand jury found.  She claims these deficiencies violate the Fifth Amendment.

"An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."  Hamling v. United States, 418 U.S. 87 (1974).  See also United States v. Cuervo, 354 F.3d 969, 983 (8th Cir. 2004).  Though the defendant claims the indictment is invalid for failing to name the alleged co-conspirators, such names are not required in the indictment or even at trial.  While at least two persons are required to constitute a conspiracy, a person can be convicted of conspiring with persons whose names are unknown.  Rogers v. United States, 340 U.S. 367, 375 (1951).

The indictment in this case charges Hernandez with conspiring to possess and distribute methamphetamine in the District of Nebraska.  The indictment alleges all the elements of that crime, and it reasonably notifies Hernandez of the charges against her so she can prepare to meet those charges and, if necessary, plead the defense of double jeopardy as a bar to a future prosecution. White, 241 F.3d at 1021 (holding indictment sufficient where it alleged: "Beginning at unknown time, but not later than March, 1996, and continuing through October, 1996 at Rapid City, in the District of South Dakota, and elsewhere, the defendants . . . did combine, conspire, confederate, and agree

4

with one another and with others known and unknown to the Grand Jury, to possess, with the intent to distribute, methamphetamine, a schedule II controlled substance, all in violation of 21 U.S.C. §§ 846 and 841(a)(1)").

The defendant claims that although the vague and nonspecific language of the indictment may not violate her Sixth Amendment rights, it nonetheless permits the government to violate her Fifth Amendment rights.  Citing Russell v. United States, 369 U.S. 749 (1962), the defendant argues that since the indictment lacks particularity, the defendant could be convicted "on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted [her]."  Id. at 770.

Russell does not, however, support defendant's position.  In Russell, the defendant was charged with refusing to answer congressional questioning in violation of 2 U.S.C. § 192.  Under the statute a witness could be punished for refusing to answer a question "pertinent" to the matter of congressional inquiry, but witnesses were not required to answer irrelevant questions. Russell held:

> [T]he very core of criminality under 2 U.S.C. § 192 is
> pertinency to the subject under inquiry of the
> questions which the defendant refused to answer.  What
> the subject actually was, therefore, is central to
> every prosecution under the statute.  Where guilt
> depends so crucially upon such a specific
> identification of fact, our cases have uniformly held
> that an indictment must do more than simply repeat the
> language of the criminal statute.

Id. at 764.  Russell held that since the grand jury indictment failed to state the subject under investigation by Congress, the chief issue for trial was not defined by the indictment and the

5

defendant was not adequately apprised of the accusations against him.  Id. at 766.

Unlike Russell, and contrary to defendant's argument, the allegations of fact central to a prosecution for conspiracy to distribute illegal drugs are set forth in the indictment against Hernandez.  The indictment alleges each element of the offense.  The defendant argues, however, that the indictment violates her Fifth Amendment rights because the court will be unable to instruct the jury at the time of trial without constructively amending the indictment.  A jury instruction which essentially alters the elements of the offense set forth in the indictment and allows the jury to convict a defendant of a crime other than the one charged in the indictment is a constructive amendment.  United States v. Slaughter, 128 F.3d 623, 628 (8th Cir. 1997); United States v. Johnson, 934 F.2d 936, 941 (8th Cir. 1991).

To evaluate whether Hernandez' Fifth Amendment rights may be violated by the vagueness of the indictment against her, it is necessary to recognize the distinction between a constructive amendment of the indictment and a variance.  "The basic difference between a constructive amendment and a variance is this:  a constructive amendment changes the charge, while the evidence remains the same; a variance changes the evidence, while the charge remains the same."  Stuckey, 220 F.3d at 981 (citing United States v. Novak, 217 F.3d 566, 574-75 (8th Cir. 2000), and United States v. Emery, 186 F.3d 921, 927-28 (8th Cir. 1999)).  The difference between a variance and a constructive amendment is significant.  A constructive amendment to the indictment constitutes reversible error per se because it "directly violates the Fifth Amendment right not to 'be held to answer for a capital, or otherwise infamous crime, unless on a presentment or

indictment of a Grand Jury.'" Stuckey, 220 F.3d at 981 (quoting U.S. Const. amend. V).  However, a variance in the evidence affects the defendant's Sixth Amendment right to adequate notice; that is, the right "to be informed of the nature and cause of the accusation." U.S. Const. amend. VI.  When a variance occurs, "the charging document does not change, only the evidence against which the defendant [is] expected to defend.  As a result, a variance does not require reversal per se, because a court must still examine whether or not the variance prejudiced the defendant's right to notice.  Absent prejudice, the variance is harmless error." Stuckey, 220 F.3d at 981.

Even assuming, as defendant argues, that the indictment against her lacks sufficient specificity and therefore permits the government to present evidence of illegal drug activity at trial which was never presented to the grand jury, the elements of the offenses charged in the indictment remain unchanged.  This presents a variance, not a constructive amendment.  "A variance occurs when the charging terms are left unaltered but the evidence offered at trial proves facts different than those alleged in the indictment." United States v. Koen, 31 F.3d 722, 724 (8th Cir. 1994).  Where the defendant is charged with conspiracy to distribute and/or possess with intent to distribute illegal drugs, and evidence of illegal drug activity that was never submitted to the grand jury is received at trial and provides a basis for conviction, a variance has occurred.  Moreover, "[w]hen a single conspiracy is alleged in an indictment, but the proof at trial shows multiple conspiracies, there is a variance." United States v. Jones, 880 F.2d 55, 66 (8th Cir. 1989).

A variance is not a grounds for pretrial dismissal of an indictment.  Upon trial of the case, a variance provides grounds for reversing a conviction only when (1) the defendant could not reasonably have anticipated from the indictment the evidence to be presented against her; (2) the indictment was so vague that there is a possibility of subsequent prosecution for the same offense; or (3) the defendant was prejudiced by a "spillover" of evidence from one conspiracy to another."  Id. (no prejudicial spillover requiring reversal where even if there were two conspiracies instead of one as indicted, the evidence clearly showed the defendant participated in both).  See also Koen, 31 F.3d at 724. (Where defendant was convicted based on evidence of illegal drug activity he offered at trial, and such evidence was never presented to the grand jury, no constructive amendment of indictment occurred and defendant was not prejudiced by any variance between proof offered at trial and the indictment).

The indictment against the defendant includes the elements of the offense charged, provides adequate notice of the issues to be litigated, and enables the defendant to plead double jeopardy as a bar to further prosecution.  Offering evidence at trial that was never presented to the grand jury neither alters the drug conspiracy charges set forth in the indictment, nor presents an issue of constructive amendment of the indictment in violation of the Fifth Amendment.  There is no basis for concluding the indictment is facially invalid.  Pretrial dismissal of the indictment is not warranted.

The defendant also claims the indictment is duplicitous and therefore requests an order requiring the government to elect between the four conspiracies supported by its Rule 16 disclosures.  The gravamen of defendant's argument is that the

Rule 16 evidence provided by the government indicates there were four separate conspiracies, yet only one conspiracy is alleged in the indictment.  The defendant therefore claims she is entitled to an order requiring the government to elect among the four conspiracies and disclose which one will be prosecuted at trial.

A duplicitous indictment is one that charges separate offenses in a single count.  United States v. Moore, 184 F.3d 790, 793 (8th Cir. 1999).  The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or on both.  Duplicity allows a jury to convict the defendant without reaching a unanimous agreement on a particular offense.  Moore, 184 F.3d at 793.

The court is not permitted at pretrial stages of a case to determine whether the government's evidence proves or fails to prove one overall conspiracy that encompasses several minor conspiracies.  "[W]hether the evidence proves there was a single conspiracy or a number of separate conspiracies is a question of fact for the jury to decide."  United States v. Lopez-Arce, 267 F.3d 775, 781 (8th Cir. 2001).  A jury may conclude that one conspiracy occurred if there is evidence that several minor conspiracies facilitated one overall agreement to perform various functions and thereby achieve the objectives of a single conspiracy.  United States v. Jackson, 696 F.2d 578, 582 (8th Cir. 1982).  An indictment is not duplicitous, and no election is therefore required, simply because there were minor conspiracies or schemes acting in concert to carry out an overall conspiracy to distribute methamphetamine.  See United States v. McKuin, 434 F.2d 391, 396 (8th Cir. 1970)(though several minor conspiracies were included, indictment was not duplicitous where the

9

government proved an overall conspiracy to defraud and obtain money and property). Moreover, any risk that a nonunanimous jury verdict may be entered on a duplicitous indictment can be cured by proper jury instructions. United States v. Rabinowitz, 56 F.3d 932, 933 (8th Cir. 1995); United States v. Karam, 37 F.3d 1280, 1286 (8th Cir. 1994).

In the event her motion to dismiss is denied, the defendant also asks for an order requiring the government to provide the defendant with a bill of particulars. Under the analysis discussed herein, and for the purpose of providing the defendant with notice of the specific acts the government intends to prove in support of the indictment, the defendant's request for a bill of particulars will be granted. See Cuervo, 354 F.3d at 984; Dolan, 120 F.3d at 866-67.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Judge, pursuant to 28 U.S.C. §636(b)(1)(B), that the defendant's motion to dismiss, filing 12, be denied in all respects.

The parties are notified that a failure to object to this recommendation in accordance with the local rules of practice may be held to be a waiver of any right to appeal the district judge's adoption of this recommendation.

IT IS FURTHER HEREBY ORDERED:

1. Regarding the defendant's claim of duplicity, the defendant's request for an order requiring an election is denied.

2. The defendant's request for a bill of particulars is granted. On or before November 4, 2005, the government shall file a bill of particulars setting forth the names of all persons known or alleged to have been members of the conspiracy charged, and the specific acts--including dates, times, places, persons present,

        and actions taken by each--that the government will attempt to prove at trial.

3. Trial is set for 9:00 a.m. on December 12, 2005 for a duration of four trial days before the Honorable Richard G. Kopf. Jury selection will be at the commencement of trial.

DATED this 25th day of October, 2005.

                      BY THE COURT:

                      s/ *David L. Piester*
                      David L. Piester
                      United States Magistrate Judge